IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HELEN HEWETT,**

        Plaintiff,

v.                                                                          **CIVIL ACTION NO. 3:20-CV-210 (GROH)**

**CHILDREN'S HOME SOCIETY**

        Defendant.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is Plaintiff Helen Hewett's, ("Plaintiff") pro se Motion [ECF No. 5] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that this Court does not have jurisdiction to consider Plaintiff's matter and Plaintiff fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

### II. THE COMPLAINT

On November 6, 2020, Plaintiff filed the instant pro se complaint alleging that Defendant Children's Home Society, which is in Martinsburg, West Virginia, caused Plaintiff harm. See ECF No. 1 at 1-2. Plaintiff alleges that a member of the Children's

---

[1] This action was referred to the undersigned by order dated November 24, 2020. ECF No. 6.

1

Home Society has been stalking her. Id. at 1. Plaintiff alleges that this individual had Plaintiff and Plaintiff's children kidnapped in South Carolina. Id. Plaintiff claims that she does not know where her children are, but Plaintiff was told that her children are under the care of the Department of Health and Human Resources. Id. However, Plaintiff states that this individual with the Children's Home Society, and others, are abusing her children for money[2]. Id. at 2.

Plaintiff demands that her children be returned to Plaintiff. Id. Further, Plaintiff requests that everyone in involved in this matter be sent to prison Id. Additionally, Plaintiff seeks monetary damages in the amount of $800,000,000.00. Id.

### III.     LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its

---

[2] Plaintiff does not explain this statement further.

2

discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility

standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Based on the limited information in the complaint, Plaintiff is a citizen of West Virginia and lists her address as in Martinsburg, West Virginia in the caption of the complaint. ECF

No. 1 at 1. Plaintiff also lists Defendant Children's Home Society's address as in Martinsburg, West Virginia. Id. The amount-in-controversy exceeds $75,000, but the parties are not diverse because according to the complaint, the parties both reside in West Virginia. Id. at 1-2. Therefore, based on the information the undersigned has before him, diversity jurisdiction does not exist under § 1332.

Federal-question jurisdiction requires that the action "aris[e] under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. In the complaint, Plaintiff does not contend that federal statues have been violated or that her claim arises under the Constitution of the United States. Therefore, federal-question jurisdiction does not exist under § 1331.

Because the allegations in the complaint do not provide the District Court with a basis to assert jurisdiction, it is inappropriate for a federal court to hear this matter. Nevertheless, in the event that jurisdiction does somehow exist, the undersigned will consider whether the complaint states a claim upon which relief can be granted.

**B. Failure to State a Claim**

To say the least, Plaintiff's complaint is not the epidemy of clarity. It is nearly impossible to understand what Plaintiff is alleging and against whom. Plaintiff mentions several individuals in the complaint who allegedly committed multiple illegal acts. See ECF No. 1 at 1-2. However, Plaintiff only names Children's Home Society as a named defendant in the complaint, and it is unknown how these additional individuals are relevant. Thus, the undersigned will only consider the very limited facts that relate to the Children's Home Society.

Even liberally construed, Plaintiff's complaint is generally incomprehensible and leaves both this Court, and the would-be Defendant in this case, largely guessing as to what Plaintiff's claims are and the grounds upon which they rest. See Twombly, 550 U.S. at 555. Although Plaintiff alleges that an individual, who is somehow associated with the Children's Home Society, harmed Plaintiff and her children [ECF No. 1 at 1-2], she provides no facts to support this claim. Further, it is unclear how the Children's Home Society is responsible for the acts of this individual, even if the alleged facts in the complaint are true. Importantly, the Children's Home Society is barely referred to in the complaint. See ECF No. 1 at 1-2. The Court needs specified facts and not just general, conclusory statements to determine if Plaintiff has a claim upon which any court could grant relief. See Twombly, 550 U.S. at 555. The Court cannot make a real determination as to the plausibility of the claim because no factual details are provided to explain the basis of Plaintiff's accusations. Therefore, Plaintiff's complaint fails to state a claim upon which relief could be granted. [3]

## V.   RECOMMENDATION

For the foregoing reasons, I find that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 5] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Helen Hewett, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific**

---

[3] The undersigned does not take lightly the whereabouts and statuses of Plaintiff's children. However, broad, conclusory allegations are insufficient to state a claim upon which relief can be granted.

**written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 9th day of December, 2020.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE